# LEVINE LEE LLP

1500 Broadway, Suite 2501
New York, New York 10036
212 223 4400 main
www.levinelee.com

**Seth L. Levine**
212 257 4040 direct
slevine@levinelee.com

April 12, 2023

**Via ECF**
The Honorable Jesse M. Furman
United States District Judge – Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Mausner v. Mausner, 23-cv-994-JMF*

Dear Judge Furman:

We represent Plaintiff Irena K. Mausner, individually and as trustee of the Irena K. Mausner Revocable Trust U/A/D May 16, 2022 ("Dr. Mausner"), in the above-captioned case. We write to address the effect of Defendant Ian O. Mausner's ("Defendant") "Response to Filed Complaint" (ECF No. 22 (the "Response")) and "Motion for Dismissal Due to Medically Caused Incompetence" (ECF No. 23 (the "Motion")) on Dr. Mausner's ability to comply with the Court's April 4, 2023 Order (ECF No. 21), which directed her to seek a default judgment by April 18, 2023, and to request that the date for the filing of any such motion be adjourned.

*First,* we are informed by the Clerk's Office that given Defendant's filing of the Response, absent an order of this Court deeming the Response untimely, a Clerk's Certificate of Default is unlikely to issue. As the Court is aware, pursuant to the Local Rules and the Court's Individual Rules and Practices in Civil Cases, the Clerk's Certificate of Default is a required component of any motion for default. *See* Local Civil Rule 55.2(b)(1); Individual Rule 4.J.i.  Therefore, given that the Response was clearly untimely, *compare* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring an answer to be served within 21 days of service), *and* (ECF No. 17 (noting that Defendant was served on March 2, 2023)), *with* (ECF No. 22 (the Response, which was filed on April 5, 2023)), we would respectfully request, subject to the issues raised below, that the Court issue an order deeming the Response untimely, thereby clearing the way for Dr. Mausner to seek a Clerk's Certificate of Default.

In the alternative—and in recognition of the fact that *pro se* litigants, like Defendant, are typically granted "extra leeway in meeting the procedural rules governing litigation," especially in connection with default judgments, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)—we respectfully request that the Court deem the Response timely and direct Defendant to file an adequate responsive pleading.

The Response is cursory and plainly does not comply with Federal Rule of Civil Procedure 8. (*See* ECF No. 22.) Accordingly, Defendant should be required to file an adequate responsive pleading promptly.

*Second*, Defendant's motion concerning competence (ECF No. 23) also presents an issue in connection with Dr. Mausner's ability to file a default judgment motion, as well as more general issues for these proceedings. While, as discussed herein, Dr. Mausner believes that the Motion is meritless, a sworn representation of the defendant's competence is required to obtain a Clerk's Certificate of Default, *see* Local Rule 55.1(b)(1), and Dr. Mausner therefore respectfully suggests that the issue should be addressed prior to such a filing.

As for the Motion itself, based on the current record, the Court should deny the Motion or, in the alternative, hold a proceeding pursuant to Federal Rule of Civil Procedure 17, following discovery on the issue of Defendant's competence.

As an initial matter, Defendant has cited no authority for the proposition that a defendant's incompetence is grounds for dismissal in a civil litigation (nor are we aware of any), and the Court should deny the Motion on that basis alone.

Insofar as the Court construes the Motion as one seeking relief other than dismissal—such as for the appointment of a next friend or guardian ad litem pursuant to Federal Rule of Civil Procedure 17—the Court should deny the Motion because Defendant's showing on incompetence is insufficient (and because the Motion appears to be a meritless attempt to delay these proceedings).

Because California is Defendant's domicile (*see* ECF No. 10 ¶ 15), his competence is determined based on California state law. Fed. R. Civ. P. 17(b)(1) ("Capacity to sue or be sued is determined as follows: for an individual who is not acting in a representative capacity, by the law of the individual's domicile[.]"). Under California law, "a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012); *see also Palomares v. City of Arvin*, 2023 WL 2504934, at *1 (E.D. Cal. Mar. 14, 2023) (relying on the standard set forth in *Golden Gate*).

Here, it is clear that Defendant understands the nature and consequences of this proceeding, and he has not demonstrated anything to the contrary. Notably, he has made multiple written submissions to the Court evidencing a comprehension of the contours of this litigation. (*See* ECF Nos. 15, 19, 22, 23.) For instance, in his March 1, 2023 letter, he acknowledged the May 24 pre-trial conference (*see* ECF No. 15), and in the Response, he asserted several (meritless) defenses to Dr. Mausner's claims (*see* ECF No. 22). Moreover, while the materials that Defendant submitted in support of the Motion, which appear to relate to an insurance claim for disability, indicate that deterioration is expected in either three or six months (*see* ECF No. 23-1 at 2; ECF No 23-2 at 2), they not do not indicate that the Defendant is **currently** incompetent, and, in fact, suggest the opposite. Indeed, both forms indicate that Defendant is currently "competent" to engage in certain activities. (*See* ECF No. 23-1 at 1; ECF No. 23-2 at 1.). Further, we understand that on March 6, 2023, Defendant represented himself by video in a proceeding in New York Family Court that resulted in an Order of Protection being issued against him in connection with threats made to his sister during a visit to Dr. Mausner, which further indicates his ability to handle legal proceedings. The absence of evidence of any current issues that would rise to the level of incompetence, when coupled with his demonstrated competence and history of fraudulent behavior, as outlined in the amended complaint (*see* ECF No. 10), strongly indicates that Defendant's claim of incompetence is baseless. As such, the Court should find Defendant competent and deny the Motion.

      If the Court is not prepared to deny the Motion at this time, it should hold proceedings, pursuant to Federal Rule of Civil Procedure 17, to determine Defendant's competence and decide whether a next friend or guardian ad litem should be appointed.  Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  To this end, Dr. Mausner respectfully requests an opportunity to conduct discovery germane to Defendant's purported incompetence in advance of any such proceedings.

      Finally, we respectfully request that the Court adjourn the current April 18, 2023 deadline for Dr. Mausner's default judgment motion.  Until the Court addresses the timeliness and adequacy of the Response and the merits of the Motion, any default judgment motion would not be an efficient use of the Court's, the Clerk's, and the litigants' resources (and may be futile).  Accordingly, we respectfully request that the Court adjourn the current deadline.  This is the first request for an adjournment of the April 18, 2023 deadline, and Defendant consents to our request for an adjournment of this deadline.  The parties' next scheduled appearance before the Court is the May 24, 2023 pre-trial conference.

      We thank the Court for its consideration.

      Respectfully submitted,

      Levine Lee LLP

      /s/ *Seth L. Levine*
      Seth L. Levine
      Paul A. Murphy
      Steven W. Kessler

cc:    All counsel of record (via ECF)
        Defendant (by email and Federal Express)

The Court agrees that Defendant's motion to dismiss is meritless.  Defendant's own motion belies any claim that he is present incompetent; moreover, incompetence is not a basis for dismissal.  *See* Fed. R. Civ. P. 12(b), 17(c).  The Court also agrees that Defendant's "RESPONSE" to the Complaint is inadequate as it does not come close to complying with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  That said, in light of the presumption in favor of adjudication of cases on their merits, Defendant is granted an extension to **May 4, 2023**, to file an Answer that complies with Rule 8.  Defendant is strongly urged to hire counsel or to consult with the Pro Se Law Clinic referenced in the Court's March 2, 2023 Order.  As noted there, Defendant can contact the Clinic through its website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.  Finally, in light of the foregoing, Plaintiff's deadline to move for default judgment is ADJOURNED *sine die*.  Plaintiff shall also electronically serve a copy of this endorsed letter-motion on Defendant **within one business day** and shall file proof of such service **within two business days**.  In addition, the Clerk of Court is directed (1) to mail a copy of this Order to Defendant at 501 West Broadway, Suite A413, San Diego, CA 92101; and (2) to terminate ECF Nos. 23 and 25.  SO ORDERED.

April 13, 2023